UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRITTANY MARIE ISKRA,<br>              Plaintiff,<br>-v-<br>COMMISSIONER OF SOCIAL SECURITY,<br>              Defendant. | No. 1:19-cv-973<br><br>Honorable Paul L. Maloney |

### ORDER REJECTING REPORT AND RECOMMENDATION

Plaintiff Brittany Iskra filed this lawsuit seeking a review of the final decision of the Commissioner of Social Security. The Commissioner denied Iskra's claim for disability insurance benefits. The Magistrate Judge issued a report recommending the Court affirm the Commissioner's decision. (ECF No. 14.) Iskra filed objections. (ECF No. 15.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Court addresses two specific objections, which the Court will affirm and which require remand. As a result of affirming those two objections, the Court need not address the other objections.

First, Iskra argues that the ALJ failed to give sufficient weight to the medical opinions of her treating physician, Dr. Jayasuriya. The Magistrate Judge concluded that the ALJ properly rejected the opinions because the doctor did not identify a specific functional limitation. Plaintiff objects.

The Court agrees with Plaintiff that the ALJ's reasons for giving little weight to Dr. Jayasuriya's opinion were insufficient. The doctor completed the Physician's Statement for a Long Term Disability Claim. (ECF No. 7-8 PageID.474-75.) In the space following "Restrictions (What the patient SHOULD NOT do)," Dr. Jayasuriya wrote "Cannot stay seated or in any position for long periods of time without episodes of LOC from POTS."[1] (*Id.* PageID.475.) For context, the Court quotes the entirety of the ALJ's discussion of the opinion.

> The undersigned gives little weight to the opinion for Harshini Jayasuriya, M.D. (5F). Dr. Jayasuriya opined the claimant cannot stay seated or in any position for long periods of time without episode of loss of consciousness from POTS. (5F/4). However, "long periods of time" is not a functionally defined time. In addition, this statement is not consistent with the record as a whole or his treatment records. The same day — August 22, 2016 — that Dr. Jayasuriya filled out this form, his examination of the claimant revealed that the claimant appeared comfortable. (7F/8). This same visit, the claimant denied back pain, joint pain, or muscle weakness. (7F/8). His exams of the claimant were generally unremarkable. (7F, 11F). Interestingly, in October 2017, Dr. Jayasuriya noted that EDS was from a reported history and that there was no lab work or documentation in her file to indicate that an actual diagnosis had been made. (11F/4). Finally, the undersigned gives no weight to his statement that the claimant has been continuously totally disabled since March 2016, as it is an issue reserved to the Commissioner. (5F/4).

---

[1] LOC likely means "loss of consciousness." POTS refers to postural orthostatic tachycardia syndrome.

(ECF No. 7-2 PageID.47-48.) The Magistrate Judge identifies the proper standard for review, which neither party disputes. (R&R at 9 PageID.826.)

None of the reasons given by the ALJ for assigning little weight to Dr. Jayasuriya's opinion is sufficient, at least as explained in the written decision. The Court generally agrees that the phrase "long periods of time" is not as acute or precise a measure of time as one would ordinarily expect from a treating physician. However inexact or vague the phrase might be, the Court agrees with Plaintiff that "long periods of time" likely precludes even sedentary work. Sedentary work would include sitting for approximately 6 hours of an 8-hour workday. *Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x 162, 172 (6th Cir. 2016) (citing SSR 96-9p). And, Dr. Jayasuriya's observations of Iskra during the physical examination—she appeared comfortable and did not complain about pain or muscle weakness—is not inconsistent with the conclusion that Iskra cannot sit for long periods of time without a loss of consciousness because of POTS. To the extent that the ALJ broadly concludes that Dr. Jayasuriya's conclusion is not consistent with the medical record as a whole, the ALJ did not identify any particular inconsistencies, at least in this portion of the decision. That Iskra might have some warning time before she loses consciousness or passes out (PageID.47) would still have implications for her ability perform even sedentary work. When a court finds that the ALJ did not provide good reasons for rejecting a treating physician's opinion, remand is the appropriate result. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004).

Second, Iskra argues that the ALJ erred in concluding that her migraine headaches were not a severe limitation. The Magistrate Judge concludes that the ALJ's failure to

3

specifically mention migraines was not reversible error because the ALJ stated that he considered all of Plaintiff's symptoms, even if he did not discuss each one in detail. Plaintiff objects.

The ALJ identified severe impairments and concluded that Plaintiff's migraines were a non-severe impairment. The Court agrees with Plaintiff that the record required more discussion of Iskra's migraines. The ALJ does mention Iskra's migraines; she "has been experiencing migraines since she was ten years old and Excedrin Migraines and Cymbalta helped." (PageID.41.) One of the medical records cited by the ALJ 14F/2, does state that Cymbalta helped Iskra's migraines, and then states that Iskra stopped taking Cymbalta because she was having issues with nausea and vomiting. (ECF No. 7-8 PageID.641.) While she was later able to keep some of the medicine down, "her headaches worsened significantly." (*Id.*) Iskra testified that she currently experiences headaches three to four days a week, which requires her to lie down. (ECF No. 7-2 PageID.69.) She also testified that "[t]he POTS increases dramatically when I have a migraine. I can guarantee that I'll pass out multiple times a day when I have a headache." (*Id.*) This evidence appears inconsistent with the conclusion that Plaintiff's migraines are controlled with treatment or medication and that the migraine have only a minimal vocational relevant limitation. On remand, the ALJ will need to more specifically address Iskra's argument that her migraines, alone or in combination, should be considered severe impairments.

These two objections are sufficient for the Court to remand the matter to the Commissioner for further consideration. The Court need not resolve the dispute about Dr. Hype's opinion. The Magistrate Judge concluded that any error was harmless because

4

5

nothing in the statement was inconsistent with the ALJ's RFC determination. The Court has remanded the matter and the ALJ may or may not reach a different conclusion about Plaintiff's RFC.

Accordingly, the Court **REJECTS** the Report and Recommendation (ECF No. 14.) and **REMANDS** the matter to the Commissioner for further consideration. **IT IS SO ORDERED.**

Date: March 23, 2021 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge