UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRITTANY ISKRA,

        Plaintiff,

                                          Hon. Paul L. Maloney

v.

COMMISSIONER OF                      Case No. 1:19-cv-973
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

       This matter is before me on Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). (ECF No. 23.) Plaintiff's counsel seeks $6,693.00 in fees, as detailed in her motion. Plaintiff's counsel recognizes that if the motion is granted, she will be required to refund the previous award of fees under the Equal Access to Justice Act (EAJA) in the amount of $4,550.00 to Plaintiff. (*Id.* at PageID.902.) The motion is unopposed. Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the motion be **GRANTED IN PART**.

       On March 23, 2021, the Court reversed and remanded this matter to the Commissioner for further factual consideration consistent with its Opinion pursuant to sentence four of 42 U.S.C. § 405(g). (ECF Nos. 17 and 18.) On May 21, 2021, the Court awarded Plaintiff $4,550.00 in EAJA fees. (ECF No. 22.) Plaintiff was subsequently awarded disability benefits, including past-due benefits of $66,772.00, 25 percent of which, $16,693.00, was withheld to pay counsel. (ECF No. 23-1 at PageID.911.)

Although counsel references a contingent fee, she has not attached a contingent fee agreement to her motion, and it appears that Plaintiff did not sign such an agreement.[1] (ECF No. 23 at PageID.904–05.) Nonetheless, the absence of a contingent fee agreement does not preclude a fee award under the statute. The language of the statute does not expressly require a contingent fee agreement. *See* 42 U.S.C. § 406(b)(1)(A) ("Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."). Indeed, is it well-recognized that fees may be awarded even in the absence of an enforceable contingent fee agreement. *Thomas*, 359 F. App'x at 975 (recognizing that a fee award under Section 406(b) was proper "[e]ven though there was no valid contingency agreement"); *Paula K. v. Saul*, No. 5:15-cv-84, 2019 WL 6497430, at *2 (W.D. Va. Dec. 3, 2019) (the absence of a fee agreement does not preclude an award under Section 406(b)); *Mounce v. Colvin*, No. 10-cv-560, 2016 WL 4444710, at *2 (D.N.H. Aug. 23, 2016) ("Even without an enforceable fee agreement, Jones may still recover fees for her work in this court."); *Bentley v. Comm'r of Soc. Sec.*, 524 F. Supp. 2d 921, 925–26 (W.D. Mich. 2007) (awarding fees under Section 406(b) where counsel lacked a contingent fee agreement).

The question thus becomes what measure the Court should use to determine a reasonable fee. In *Bentley*, the court found the lodestar method—"the number of hours reasonably expended multiplied by a reasonable hourly rate"—an appropriate starting point. *Id.* at 925 (citing *Hensley v.*

---

[1] Counsel has filed an affirmation by Plaintiff consenting to counsel's request for an award of $6,693.00. (ECF No. 24.) Because this amount is based on a 25% contingent fee amount, and because counsel failed to obtain a signed agreement, Plaintiff's after-the-fact agreement to a 25% award appears to be unenforceable. *See Thomas v. Astrue*, 359 F. App'x 968, 973 (11th Cir. 2010).

*Eckerhart*, 461 U.S. 424, 433 (1983)). The court concluded that an award of 22.2 hours at counsel's regular hourly rate of $200 was appropriate award under Section 406(b). *Id.* at 926. I find *Bentley*'s approach persuasive. In this case, counsel has submitted a summary of hours expended in this case showing that she spent 26 hours from initial review through the final judgment. (ECF No. 23-4.) This number of hours was reasonable. Counsel has not provided any information on her regular hourly rate. However, in support of her motion, she has submitted the State Bar of Michigan's 2020 Economics of Law Practice in Michigan Survey (ECCF No. 23-2), which indicates that the average median hourly rate for the practice areas of administrative law, workers' compensation, civil litigation, and public benefits, is approximately $250. (*Id.* at PageID.923–24.) I find that this is a reasonable hourly rate. The lodestar calculation thus yields a fee award of $6,500.00. I conclude that no further adjustment is warranted and that this amount represents a reasonable fee award for counsel's work.

While counsel may receive a fee out of a portion of Plaintiff's past-due benefits, an award pursuant to Section 406(b) must account for any amount previously paid to counsel pursuant to the EAJA. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 795-96 (2002) (observing that where counsel receives a fee award pursuant to both the EAJA and 42 U.S.C. § 406(b), she must "[r]efund to the claimant the amount of the smaller fee"). The Court previously awarded $4,550.00 in EAJA fees (ECF No. 22), which must now be refunded to Plaintiff.

Accordingly, for the foregoing reasons, I recommend that Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 23) be **GRANTED IN PART** and that

counsel be awarded $6,500.00 in attorney's fees and ordered to refund $4,550.00 of this amount to Plaintiff for previously awarded EAJA fees.

Dated: June 15, 2022 /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).